IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA    )
                                 )
      v.                        )     Criminal No. 3:16cr59-HEH
                                 )
JAVIER KING ARIANO,        )
                                 )
     *Defendant.*          )

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia;
Erik S. Siebert and Peter S. Duffey, Assistant United States Attorneys; the defendant, Javier
King Ariano; and the defendant's counsel, Charles Gavin, Esquire, have entered into an
agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the
agreement are as follows:

    **1.**    **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count One of the indictment charging the
defendant with conspiracy to distribute five kilograms or more of cocaine, knowing and
intending that it will be unlawfully imported into the United States, in violation of Title 21,
United States Code, Sections 963 and 959. The maximum penalties for this offense are: a
mandatory minimum term of imprisonment of ten years, a maximum term of life imprisonment,
a fine of $10 million, full restitution, a special assessment, and at least 5 years of supervised
release. The defendant understands that this supervised release term is in addition to any prison
term the defendant may receive, and that a violation of a term of supervised release could result
in the defendant being returned to prison for the full term of supervised release.

2.      **Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3.      **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

4.      **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.      the right to plead not guilty and to persist in that plea;

    b.      the right to a jury trial;

    c.      the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5.      **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a).  The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court.  Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness.  The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,

the parties will recommend to the Court that the following provisions of the Sentencing

Guidelines apply:

a.      Pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, relating to

Drug Quantity, the defendant conspired to possess and distribute or it was reasonably foreseeable

to the defendant that his co-conspirators possessed and distributed 62 kilograms or more of

cocaine, yielding a base offense level of 34.

b.      Pursuant to Section 2D1.1(b)(15) of the Sentencing Guidelines, the

defendant should receive an Aggravating Role adjustment under Section 3B1.1, and the offense

involved the defendant directly importing a controlled substance, resulting in a two-point enhancement.

      c.     Pursuant to Section 3B1.1 of the Sentencing Guidelines, the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in Section 3B1.1 (a) or (b), resulting in a two-point enhancement.

      d.     The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

      c.     The parties will agree to recommend a sentence of 192 months' imprisonment for the defendant.

These recommendations are not binding on the Court or the Probation Office.

**6.    Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on

direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 7.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**9.     Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment as an offense.  In such a prosecution the United States may allege and prove conduct described in the indictment or statement of facts.  "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

**10.     Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining count of the indictment against this defendant.

**11.     Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case.  The defendant agrees to forfeit all interests in any drug related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or facilitating property or property involved in the offense.  The defendant understands that if proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds.  *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).  The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders

of forfeiture for such property and waives the requirements of Federal Rules of Criminal

Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant admits and agrees that the conduct described in the indictment and statement of facts

provides a sufficient factual and statutory basis for the forfeiture of the property sought by the

government.

### 12.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to

forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the

forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by

the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by

the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all

property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,

property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture,

and substitute assets for property otherwise subject to forfeiture.

### 13.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the

defendant had any interest or over which the defendant exercises or exercised control, directly or

indirectly, within the past four years.  The defendant agrees to take all steps as requested by the

United States to obtain from any other parties by any lawful means any records of assets owned

at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**14.   Impact of Guilty Plea on Immigration Status**

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it will be unlawfully imported into the United States, removal is presumptively mandatory. Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

**15.   Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a)  The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b)  The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c)  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 16.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Erik S. Siebert
Peter S. Duffey
Assistant United States Attorneys

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment.  Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: _3/J 1/.7_    _____
                    Javier King Ariano
                    Defendant

**Defense Counsel Signature:** I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending indictment.  Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _3/2 1/17_    _____
                    Charles Gavin, Esq.
                    Counsel for the Defendant

11

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:16cr59-HEH |
| DEFENDANT'S NAME: | Javier King Ariano |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1.  **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
    *CLERK, U.S. DISTRICT COURT*

2.  **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3.  **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** |
| **Richmond cases:** | | **Clerk, U.S. District Court**<br>**701 East Broad Street, Suite 3000**<br>**Richmond, VA 23219** |
| **Newport News cases:** | | **Clerk, U.S. District Court**<br>**2400 West Ave, Ste 100**<br>**Newport News, VA 23607** |
| **Norfolk cases:** | | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** |

4.  **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5.  **ENCLOSE THIS COUPON TO ENSURE PROPER and PROMPT APPLICATION OF PAYMENT**